IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No. 09-cv-02836-WYD-BNB

EMMA R. HALL,

    Plaintiff,

v.

ADAMS COUNTY BOARD OF COUNTY COMMISSIONERS;
ADAMS COUNTY CORONER'S OFFICE; and
JAMES HIBBARD, in his official capacity,

    Defendant.

**ORDER**

I.    INTRODUCTION

THIS MATTER is before the Court on Defendants' motion to dismiss or, alternatively, a motion for summary judgment, filed April 23, 2010 [#17] by the Defendants the Adams County Board of County Commissioners, Adams County Coroner's Office, and James Hibbard. The motion will be treated as a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).

II.    BACKGROUND

Plaintiff Emma Hall ("Plaintiff") initiated this action on December 4, 2009, alleging that her supervisor sexually harassed her and that she suffered retaliation and constructive discharge from her employment after complaining of the sexual harassment. In her Complaint, Plaintiff alleges that she worked as an Investigative

-1-

Coroner in the Adam's County Coroner's Office from February 2007 through July 2008. (Compl., ¶14.) Plaintiff contends that Defendants did not stop the creation of a hostile work environment and that her supervisor Mark Chavez ("Mr. Chavez") sexually harassed her. The Complaint states that Mr. Chavez repeatedly rubbed her back in a sexually suggestive manner and made unwanted comments about her appearance, and repeatedly asked her out on dates. (Compl., ¶¶ 19, 21.) Plaintiff also alleges that Mr. Chavez sexually harassed her at the Brighton Chamber of Commerce Annual Banquet on November 17, 2007, in the presence of Defendant Hibbard, who is the elected Coroner for Adams County. (*Id.*, ¶ 20.)

On April 16, 2008, Plaintiff complained of Mr. Chavez's sexual harassment to the Defendant Hibbard. (Compl., ¶ 23.) Although it is not clear from the Complaint, some kind of investigation occurred after Plaintiff's conversation with Defendant Hibbard, and following this investigation it was determined that Mr. Chavez would not have his employment terminated. Mr. Chavez resigned in June 2008. (*Id.*, ¶ 25.) The Complaint also alleges that following Mr. Chavez's resignation, the Defendants retaliated against Plaintiff by transferring her to a less favorable shift, requiring her to obtain unnecessary training, excessively reprimanding her for minor behavior, and otherwise treating her with "undue scrutiny." (Compl., ¶¶ 29-34.) On July 26, 2008, Plaintiff alleges she was falsely accused of theft of items from a decedent's body and directed to complete an incident report. (*Id.*, ¶ 35.) Plaintiff contends that prior to Mr. Chavez's resignation, she did not have any significant negative performance issues. (*Id.*, ¶ 37.) Plaintiff complained to the Adams County Human Resources Department regarding Defendant

Hibbard's retaliation, but the Adams County Human Resources Department said they could not take any action because Defendant Hibbard was an elected official. (*Id.*, ¶ 36.)

Plaintiff alleges that she was "constructively discharged" in July 2008 as a result of ongoing retaliation. (Compl., ¶ 38.) Plaintiff filed a complaint alleging sexual discrimination and sexual harassment with the Colorado Department of Regulatory Agencies, which investigated and found probable cause that there was harassment and discrimination. (*Id.*, ¶ 39). Plaintiff then filed the instant action, asserting claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII") for (1) gender/sex discrimination and hostile work environment and (2) retaliation.

III. ANALYSIS

A. Standard of Review

The Federal Rules of Civil Procedure provide that a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (citations and quotation marks omitted). "A court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991).

"To survive a motion to dismiss, a complaint must contain sufficient factual

matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff pled facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. If the allegations state a plausible claim for relief, such claim survives the motion to dismiss. *Id*. at 1950.

B. <u>Motion to Dismiss</u>

Defendants seek dismissal of the instant case based on their assertion that Plaintiff's only "employer," for purposes of Title VII is the Adams County Coroner's Office, and because that office did not employ more than 15 persons, they are not subject to Title VII liability and the Complaint must be dismissed.

Title VII prohibits an "employer" from "discriminat[ing] against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's ... sex . . . ." 42 U.S.C. § 2000e-2(a)(1). And "employer" is defined as "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and any agent of such person . . . ." *Id*. at § 2000e(b). The definition of "person" under Title VII includes "individuals, governments, governmental agencies, [and] political subdivisions." *Id*. at § 2000e(a).

The parties do not dispute that the Adams County Coroner's Office did not employ fifteen or more employees during the relevant time frame. Plaintiff maintains, however, that because the Adams County Coroner and his offices are agents of Adams

County, which employs thousands of workers, she is legally an employee of Adams County for purposes of satisfying the fifteen-employee numerical requirement.[1]

In support of her position, Plaintiff relies primarily on *Owens v. Rush*, 636 F.2d 283 (10th Cir. 1980). In *Owens*, the Tenth Circuit held that a county sheriff is an agent of the county for purposes of Title VII and liable as an "employer" even where the sheriff employed fewer than fifteen employees. *Owens*, 636 F.3d at 287. The Tenth Circuit reasoned that the legislative history of Title VII indicates that governmental subdivisions were brought within the reach of Title VII so that "[a]ll state and local government employees would . . . have access to the remedies available under the Act." *Id.* (citing U.S. Code Cong. & Ad. News, pp. 2137, 2152 (1972)). The Tenth Circuit also noted that Title VII must be liberally construed in order to effectuate its policies, and that this "liberal construction" applies to the definition of "employer" under the Act. *Id.*

Defendants disagree and assert that Plaintiff can only be considered an employee of Adams County if she can demonstrate that Adam's County and the Adam's County Coroner's Office are either "joint-employers" or "single-employers" under the more recent tests set forth in *Bristol v. Bd. of County Comm'rs*, 312 F.3d 1213, 1217-19 (10th Cir. 2002).

In *Bristol*, the Tenth Circuit considered whether the Board of County Commissioners of Clear Creek County, Colorado owed a duty to provide accommodations under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101

---

[1] In *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 503 (2006) the United States Supreme Court held that the numerical threshold in Title VII's definition of "employer" is not jurisdictional, but relates to the substantive adequacy of a plaintiff's Title VII claim.

*et seq.*, to the plaintiff, who was an employee of the County Sheriff. *Bristol*, 312 F.3d at 1215. The Tenth Circuit found that in order for the County to be liable to the plaintiff under the ADA, the plaintiff must demonstrate either (1) that the Sheriff's Office and the County, although separate entities, co-determined the essential terms and conditions of the plaintiff's employment (the joint-employer test) or (2) that the two entities effectively constituted a single employer (the single-employer test). *Id.* at 1218. Because the plaintiff could not satisfy either test, the Tenth Circuit found that the County Board of Commissioners did not owe a duty to Plaintiff under the ADA. *Id.* at 1221; *see also Sandoval v. City of Boulder*, 388 F.3d 1312, (10th Cir. 2004) (applying the singe-employer and joint-employer tests to determine whether the City of Boulder should be held vicariously liable under Title VII for alleged discrimination by the Boulder Regional Communications Center). Defendants maintain that the Plaintiff in this case cannot satisfy either the single-employer test or the joint-employer test because the Adam's County Coroner's Office has the sole authority to hire and fire the Plaintiff and otherwise supervise the terms and conditions of her employment. Defendants also contend that the holding in *Owens* is no longer applicable in light of the Court's decision in *Bristol*.

I note that in *Bristol*, the Tenth Circuit narrowed its holding to addressing whether a County Board could be considered an employer so as to trigger the accommodation requirements of the ADA. The Tenth Circuit noted:

> It is important to point out what the instant case is not about. We are not faced with a situation where a judgment has been levied against a County official and the County must levy a tax under Colo. Rev. Stat. § 30-25-104 to pay for the judgment. Nor must we decide whether Bristol, an employee

> of the Sheriff, can be called a "County employee" for any
> purpose other than ADA accommodation. Employees of the
> County Sheriff are, of course, "County employees" in the
> same sense that employees of the federal judiciary are
> "federal employees." Such common usage has no bearing
> on our construction of the ADA. The instant case is about
> whether the Board can be considered an employer of Bristol
> so as to trigger the accommodation requirements of the
> ADA.

*Bristol*, 312 F.3d 1216, n. 2. In considering whether its prior holding in O*wens* was applicable the Court noted that:

> *Owens* did conclude that a Kansas Sheriff was an agent of
> the County, but for the sole purpose of satisfying the fifteen-
> employee jurisdictional requirement of Title VII. [Citation
> omitted]. No such jurisdictional question is at issue in the
> present case, because the Sheriff of Clear Creek had more
> than fifteen employees. Because we are presently faced
> with a case where the jurisdictional requirement is
> indisputably met, *Owens* is not implicated.

*Bristol*, 312 F.3d at 1220-21.

Here, in contrast to *Bristol*, the numerosity requirement under Title VII is not met. Therefore, I find that *Owens* is applicable to the facts of this case. Pursuant to the holding in *Owens*, I conclude that the Adam's County Coroner's Office is an agent of Adams County for purposes of satisfying the fifteen-person numerosity requirement in Title VII and therefore, and is an "employer" subject to Title VII. As the Tenth Circuit stated in *Owens*, "[w]hatever the reason for excluding employers with fewer than fifteen employees from Title VII coverage, it should not be construed to exempt a political subdivision with many employees on the grounds that the immediate employing agent has fewer than 15 employees. No sound policy mandates a contrary result." *Id.* I

-7-

further conclude that Adams' County, through its Board of County Commissioners[2], should remain a Defendant in this case. While this issue was not directly addressed in *Owens*, implicit in the holding of that case is a finding that individuals employed by an agent of the county are "county employees" for purposes of Title VII. *See also Johnson v. Board of County Commr's*, 859 F.Supp. 438 (D. Colo. 1994) (relying on *Owens* and holding that the Board of County Commissioners for Fremont County was an "employer" of county dispatchers for purposes VII).

IV.     CONCLUSION

For the reasons set forth herein, it is hereby

ORDERED that Defendant's Motion to Dismiss or, in the alternative, Motion for Summary Judgment filed April 23, 2010 is **DENIED**.

Dated: July 1, 2010

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge

---

[2]Pursuant to Colo. Rev. Stat. § 30-11-105, a plaintiff must name the Board of County Commissioners as defendant when it presents a claim against a county.